UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ERIC TERRANOVA,

                               Plaintiff,

         - against-

COUNTY OF NASSAU, THOMAS SUOZZI,
County Executive, JOSEPH FARHANGIAN,
Social Worker Supervisor, Mental Health Unit,
Nassau County Correctional Center, IRENE
BURKE, Social Worker, Mental Health Unit,
Nassau County Correctional Center, and
MICHAEL J. SPOSATA, Sheriff,
Nassau County Correctional Center,

                               Defendants.
----------------------------------------------------------X

**OPINION AND ORDER
09 CV 3687 (SJF)(ARL)**

FEUERSTEIN, J.

On August 17, 2009, *pro se* plaintiff Eric Terranova ("plaintiff") filed this action against defendants County of Nassau, Thomas Suozzi ("Suozzi") and Michael J. Sposata ("Sposata") (collectively, "the County defendants") and defendants Joseph Farhangian ("Farhangian") and Irene Burke ("Burke") (collectively, "the NCCC defendants") pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights. The County defendants and the NCCC defendants separately move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim. Plaintiff has not opposed the motions. For the reasons stated herein, defendants' motions are granted.

I.    Background

1

A. Factual Allegations[1]

In his complaint, plaintiff alleges that in June 2009 and thereafter, the NCCC defendants: (1) "interferred [sic] with [his] legal counsel," as a result of which he was not "released from N.C.C.C. to limited liberty in an outside mental health program" as anticipated; (2) "vitiated [his] certified-upon-admission diagnosis of A.D.H.D. [attention deficit hyperactivity disorder] by themselves" and re-diagnosed him with "a purely 'behavioral problem'," thereby depriving him of mental health treatment and release to a "limited liberty program;" (3) "'threatened' [him] not to 'drop' any more sick-calls seeking mental health treatment;" and (4) "express[ed] inappropriate behavior with anger and curses." (Compl., ¶ IV) (emphasis omitted). Plaintiff also alleges that Farhangian "routinely fals[ifies] inmate-patient records in an attempt to justify not treating inmates - especially plaintiff." (Id.)

Plaintiff further alleges that during his detention at the NCCC, he was denied treatment for his ADHD and post traumatic stress disorder in violation of his Eighth Amendment rights. (Compl., ¶ IV). In addition, according to plaintiff, the NCCC's mental health unit has a "'new policy' not to treat inmates at all." (Id.)

Plaintiff seeks compensatory and punitive damages in the amount of five million dollars ($5,000,000.00) and injunctive relief "ordering the County defendant[s] to assign an outside psychiatrist and social workers not associated with N.C.C.C. to re-evaluate and hence treat [him] * * * [;] to terminate [the NCCC defendants] [;] * * * [and] to deploy the N.C.C.C.'s mental health unit in a legal and appropriate fashion or in the alternative, [to order] the federal

---

[1] The factual allegations are taken from the complaint and are assumed to be true for purposes of this motion only. They do not constitute findings of fact by the Court.

2

government [to] oversee the administration of said unit." (Compl., ¶ V).

B. Procedural History

On August 17, 2009, plaintiff filed this action against the County defendants and the NCCC defendants pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights. The County defendants and the NCCC defendants separately move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim. Plaintiff has not opposed the motions.[2]

II. DISCUSSION

A. Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests."

---

[2] Plaintiff has been discharged from the NCCC and has not provided the Court or parties with his new contact information. "The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all pro se plaintiffs.'" Alomar v. FNU Recard, No. 07-CV-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at * 5 (S.D.N.Y. Nov. 20, 1996)); see also Justice v. Doe, No. 07-CV-3800, 2009 WL 4723735, at * 1 (E.D.N.Y. Dec. 1, 2009) (holding that the plaintiff had a duty to apprise the Court of his updated contact information); Beeks v. Reilly, No. 07-CV-3865, 2009 WL 2568531, at * 2 n. 2 (E.D.N.Y. Aug. 19, 2009) ("[P]arties have an obligation to notify the Court of a change in their address."); United States ex rel. Roundtree v. Health and Hospitals Police Dept. of New York No. 06 Civ. 212, 2007 WL 1428428, at * 1 (S.D.N.Y. May 14, 2007) (holding that it is a plaintiff's obligation to inform the court of any change in address). Accordingly, to the extent plaintiff may not have received actual notice of the motions, the fault is his alone.

Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 2010 WL 1729107, at * 8 (2d Cir. 2010)(accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S.Ct. at 1959. The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." Arista Records, 604 F.3d 110, 2010 WL 1729107, at * 9.

The Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein;

to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers, 282 F.3d at 152-153 (citing International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)).

B.  The Prison Litigation Reform Act

Defendants contend, *inter alia*, that plaintiff's complaint must be dismissed based upon his failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). In his complaint, plaintiff admits that he did not present his claims in any prisoner grievance procedure. (Compl., ¶ II).

The PLRA's exhaustion requirement provides as follows:

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a).

"[E]xhaustion of available administrative remedies is required for any suit challenging prison conditions, * * *." Woodford v. Ngo, 548 U.S. 81, 84, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). "[E]xhaustion is mandatory under the PLRA and * * * unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); see also Johnson v. Rowley, 569 F.3d 40, 45 (2d Cir. 2009) (same). Thus, plaintiff was required under the PLRA to exhaust all available administrative remedies prior to commencing this action.

Although exhaustion under the PLRA is an affirmative defense, not a jurisdictional requirement, Jones, 549 U.S. at 216, 127 S.Ct. 910; Johnson, 569 F.3d at 45, a demonstrated

5

failure to exhaust may be a basis for dismissal for failure to state a claim. See, e.g. Jones, 549 U.S. at 216, 127 S.Ct. 910 (recognizing that a failure to exhaust may be a basis for dismissal for failure to state a claim). Since exhaustion is an affirmative defense, it may be excused or justified under the following circumstances: "(1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such as [sic] way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedure, justify the prisoner's failure to comply with the exhaustion requirement." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006).

Defendants clearly did not waive the defense of failure to exhaust, as they promptly moved to dismiss the complaint on that ground, as well as others, in their pre-answer motions, and there is no indication that they otherwise "took affirmative action to prevent [plaintiff] from availing himself of grievance procedures." Ruggiero, 467 F.3d at 178. Moreover, plaintiff did not allege in his complaint that administrative remedies were not available to him, nor that special circumstances otherwise existed which justify his failure to exhaust. To the contrary, plaintiff admits that there was a prisoner grievance procedure at the NCCC, (Compl., ¶ II(A)), and his explanation for his failure to follow that procedure is that "grievance has nothing to do with it– medical and liberty interest." (Compl., ¶ II(D)). Although plaintiff was not required to plead exhaustion of administrative remedies in his complaint, see, e.g. Jones, 549 U.S. at 216, 127 S.Ct. 910, he also failed to oppose the instant motions establishing the affirmative defense of failure to exhaust by, *inter alia*, raising any excuse or justification for his failure to exhaust.

Since it is clear from the allegations of the complaint that plaintiff has not exhausted his administrative remedies, and plaintiff has failed to raise any excuse or justification for his failure

to exhaust which would defeat that affirmative defense, plaintiff's complaint must be dismissed for failure to state a claim. Accordingly, the branches of the County defendants' motion and the NCCC defendants' motion seeking dismissal of the complaint based upon plaintiff's failure to exhaust his administrative remedies are granted and the complaint is dismissed in its entirety.[3]

III. Conclusion

For the reasons stated herein, the branches of defendants' motions seeking dismissal of the complaint for failure to exhaust administrative remedies are granted and the complaint is dismissed in its entirety. The Clerk of the Court is directed to enter judgment in favor of defendants and to close this case.

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to plaintiff's last known address and leaving a copy of the order with the court clerk pursuant to Rules 5(b)(C) and (D), respectively.

SO ORDERED.

/s/ SANDRA J. FEUERSTEIN
United States District Judge

Dated: July , 2010
Central Islip, N.Y.

---

[3] In light of this determination, it is unnecessary to consider defendants' remaining contentions.